UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMIE MATTHEW RILEY, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No.: 3:14-cv-355-PLR-HBG |
| v. | ) |
| | ) |
| STATE OF TENNESSEE, | ) |
| GRAINGER COUNTY DETENTION | ) |
| CENTER, and BLOUNT COUNTY, | ) |
| TENNESSEE, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, plaintiff's application to proceed *in forma pauperis* is **GRANTED**. The Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th

Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff filed this action during his confinement in the Grainger County Detention Center; he has since been released from custody. As defendants, plaintiff has named the State of Tennessee, the Grainger County Detention Center, and Blount County, Tennessee. The State of Tennessee is not a suable entity under § 1983 and is immune from suit. *See, e.g., Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000) ("The Lawsons' claims against the State of Tennessee are barred by the Eleventh Amendment, because the Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). The Grainger County Detention Center is likewise not a suable entity under § 1983.

A municipality such as Blount County, Tennessee, may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of

the governmental entity. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). *See also Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978). "However, a municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of respondeat superior is inapplicable." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Thus, "municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (internal quotation marks omitted).

Plaintiff's claim against Blount County derives from the time Blount County officers were sent to the Grainger County Detention Center to restore order. Plaintiff does not claim that the alleged violation of his civil rights was the result of a custom or policy on the part of Blount County, Tennessee.

Based upon the foregoing, the State of Tennessee, Grainger County Detention Center, and Blount County, Tennessee, are **DISMISSED** as defendants. Plaintiff refers in his complaint to unnamed individuals who allegedly violated his rights; he has not made specific allegations against individual defendants. Therefore, plaintiff will have twenty (20) days from the date hereof to amend his complaint to state exactly how his constitutional rights were violated and the specific defendant or defendants who violated his constitutional rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

Plaintiff's failure to amend his complaint will result in the complaint being dismissed for failure to state a claim and for failure to prosecute and to follow the orders of this Court. Plaintiff is **ORDERED** to inform the Court in writing immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address will result in the dismissal of this action.

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**